CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
SIMON F. KUNG
Assistant United States Attorney
United States Attorney's Office, District of Nevada
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6418

VALERIE G. PREISS
PATRICK BURNS
Nevada Bar No. 11779
Trial Attorneys
Department of Justice, Tax Division
150 M. Street, N.E.
Washington, D.C. 20002
PHONE: (202) 514-5762
FAX: (202) 514-9623
Valerie.G.Preiss@usdoj.gov
J.Patrick.Burns@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL INDICTMENT |
| Plaintiff, | CASE NO: 2:21-cr- 214 RFB DJA |
| vs. | |
| SCOTT H. LAWRENCE and DEBRA R. LAWRENCE, | VIOLATIONS: |
| Defendants. | 18 U.S.C. § 371 – Conspiracy to Defraud the United States |
| | 26 U.S.C. § 7201 – Evasion of Payment |
| | 26 U.S.C. § 7201 – Evasion of Assessment |
| | 26 U.S.C. § 7206(1) – Making and Subscribing a False Tax Return |

FILED / ENTERED
RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD
AUG - 3 2021
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

|  | 26 U.S.C. § 7206(2) – Aiding and Assisting in the Preparation of a False Tax Return<br><br>26 U.S.C. § 7203 – Willful Failure to Pay Income Tax<br><br>26 U.S.C. § 7203 – Willful Failure to File Income Tax Return |
|---|---|

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

1. Defendants SCOTT H. LAWRENCE and DEBRA R. LAWRENCE were a married couple residing in Las Vegas, Nevada.

2. Defendant SCOTT H. LAWRENCE was a real estate professional who conducted business using a Nevada corporation, Turn Two, Inc. (Turn Two), which was incorporated in 1990. In or around 2018, Defendant SCOTT H. LAWRENCE became a Form W-2 wage earner.

3. Defendant DEBRA R. LAWRENCE worked in the interior design field both as a Form W-2 wage earner and as an independent contractor. In June 2011, she formed the Nevada limited liability company D Lawrence Hospitality L.L.C. (DLH), which she used to conduct her interior design business.

4. The Internal Revenue Service (IRS) was an agency of the United States Department of the Treasury and was responsible for enforcing and administering the tax laws of the United States.

5. To assist in collecting delinquent income taxes and determining a taxpayer's financial condition and ability to pay such taxes, the IRS used Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 433-B, Collection Information Statement for Businesses. A delinquent taxpayer was required to

sign the form under penalty of perjury and was required to provide full, complete, and accurate financial information.

6. In reporting their income to the IRS each year, the defendants jointly filed using a Form 1040, U.S. Individual Income Tax Return.

7. During tax years 2005 through 2018, the defendants accumulated and failed to pay substantial federal income tax liabilities. As of March 18, 2021, the defendants' unpaid delinquent taxes, penalties, and interest totaled approximately $1,758,128.16 as detailed below:

| Tax Year | Unpaid Taxes, Penalties, and Interest |
|---|---|
| 2005 | $155,340.46 |
| 2006 | $186,194.74 |
| 2007 | $24,406.35 |
| 2008 | $103,616.34 |
| 2009 | $193,885.05 |
| 2010 | $168,551.49 |
| 2011 | $181,588.44 |
| 2012 | $82,173.02 |
| 2013 | $19,108.62 |
| 2014 | $132,467.91 |
| 2015 | $90,525.59 |
| 2016 | $133,683.22 |
| 2017 | $207,657.32 |
| 2018 | $78,929.61 |

8. In or about March 2010, the IRS began attempting to collect the defendants' delinquent 2005 through 2009 tax liabilities using various methods, including summonses, requests for information, liens, and levies on bank accounts and accounts receivable. The

IRS later expanded its collection efforts to include the defendants' delinquent tax liabilities for tax year 2010.

### COUNT ONE

**Conspiracy to Defraud the United States**
**(Title 18, United States Code, Section 371)**

9.  The Grand Jury re-alleges and incorporates here the allegations contained in Paragraphs One through Eight of this Indictment.

10. From at least in or about April 2005, and continuing to at least in or about October 2020, within the State and Federal District of Nevada, and elsewhere, the defendants, SCOTT H. LAWRENCE and DEBRA R. LAWRENCE, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other to defraud the United States, by dishonest and deceitful means, by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of the revenue: namely, federal income taxes.

*Manner And Means By Which The Conspiracy Was Carried Out*

11. The defendants sought to accomplish the objects of the conspiracy through the following manner and means, among others:

    a.  Obstructing and interfering with IRS efforts to collect the defendants' unpaid and delinquent income tax liabilities;

    b.  Concealing the defendants' income and true financial condition from the IRS;

    c.  Submitting to the IRS false and fraudulent forms, tax returns, documents, letters, statements, and information; and

d.  Otherwise willfully failing to file tax returns or pay their income taxes owed to the IRS despite knowing of their legal obligation to do so.

### *Overt Acts*

12.  In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the District of Nevada and elsewhere:

a.  Overt Act #1: Beginning in or about March 2010, and lasting through in or about July 2011, defendant DEBRA R. LAWRENCE ceased depositing her entire paychecks into her joint personal bank account held with defendant SCOTT H. LAWRENCE and instead deposited a small portion of each paycheck into the account while taking the major portion of each paycheck in cash;

b.  Overt Act # 2: Beginning in or about June 2011, and lasting through in or about November 2011, defendant DEBRA R. LAWRENCE directed that her commission and pay checks for her work be made out to defendant SCOTT H. LAWRENCE's corporation, Turn Two. The defendants then deposited those checks into a bank account in the name of Turn Two;

c.  Overt Act # 3: On or about August 15, 2011, defendant SCOTT H. LAWRENCE caused the defendants' attorney to falsely tell an IRS revenue officer that defendant DEBRA R. LAWRENCE was not working;

d.  Overt Act # 4: On or about November 4, 2011, the defendants used a $10,000 commission check to defendant DEBRA R. LAWRENCE to open a bank account in the name of DLH. The defendants subsequently deposited defendant DEBRA R. LAWRENCE's income into the DLH account and used the funds in the account to pay a substantial part of the defendants' personal and living expenses;

e.  Overt Act # 5: On or about November 28, 2011, the defendants submitted to the IRS a materially false and misleading Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, which concealed the defendants' true income and financial condition;

f.  Overt Act # 6: On or about September 27, 2012, the defendants submitted to the IRS a materially false and misleading Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, which concealed the defendants' true income and financial condition;

g.  Overt Act # 7: On or about September 20, 2012, defendant SCOTT H. LAWRENCE wrote a check to the IRS for $37,755 to pay for estimated 2012 taxes. That check was drawn on a Turn Two bank account, which at the time held a balance of only $17,545.19. The next day, defendant SCOTT H. LAWRENCE transferred $10,000 out of the Turn Two bank account to the DLH bank account. Defendant SCOTT H. LAWRENCE, knowing that there were insufficient funds in the account to cover the check, then caused the defendants' attorney to give the check to the IRS on September 27, 2012;

h.  Overt Act # 8: On or about September 27, 2012, the defendants filed with the IRS a materially false and misleading Form 1040, U.S. Individual Income Tax Return for tax year 2011, which omitted the defendants' income earned through DLH;

i.  Overt Act # 9: On or about August 28, 2013, the defendants submitted to the IRS a materially false and misleading Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, which concealed the defendants' true income and financial condition;

j.  Overt Act # 10: On or about August 28, 2013, the defendants submitted to the IRS a materially false and misleading Form 433-B, Collection Information

6

1 | Statement for Businesses, which concealed the defendants' true income, financial condition,
2 | and business activities;
3 |       k.     Overt Act # 11: On or about October 13, 2013, the defendants filed
4 | with the IRS a materially false and misleading Form 1040, U.S. Individual Income Tax
5 | Return for tax year 2012, which omitted the defendants' income earned through DLH;
6 |       l.     Overt Act # 12: On or about November 22, 2013, the defendants
7 | caused their attorney to submit to the IRS a materially false and misleading letter in support
8 | of a Form 656, Offer in Compromise, in which they offered the IRS a one-time payment of
9 | $5,000 in full satisfaction of the defendants' approximately $1,081,985.11 tax debt consisting
10 | of delinquent taxes, penalties, and interest owed to the IRS;
11 |       m.     Overt Act # 13: On or about November 22, 2013, the defendants
12 | submitted to the IRS a materially false and misleading Form 433-A, Collection Information
13 | Statement for Wage Earners and Self-Employed Individuals, which concealed the
14 | defendants' true income and financial condition;
15 |       n.     Overt Act # 14: On or about October 11, 2014, the defendants filed
16 | with the IRS a materially false and misleading Form 1040, U.S. Individual Income Tax
17 | Return for tax year 2013, which omitted the defendants' income earned through DLH;
18 |       o.     Overt Act # 15: On or about September 22, 2015, defendant SCOTT
19 | H. LAWRENCE caused the defendants' attorney to submit a materially false and
20 | misleading letter to the IRS. The letter falsely stated that the defendants were living solely
21 | on defendant SCOTT H. LAWRENCE's income and that defendant DEBRA R.
22 | LAWRENCE had resumed working in light of exigent circumstances caused by recent IRS
23 | collection actions;
24 |

1  p.  Overt Act # 16: On or about October 9, 2015, defendant SCOTT H. LAWRENCE caused the defendants' attorney to submit a materially false and misleading Form 9423, Collection Appeal Request, which asserted that an IRS collection levy on defendant SCOTT H. LAWRENCE's monthly income in excess of $10,000 had created an "exigent and emergent crisis" preventing the defendants from meeting their necessary living expenses;

q.  Overt Act # 17: On or about October 15, 2015, the defendants filed with the IRS a materially false and misleading Form 1040, U.S. Individual Income Tax Return for tax year 2014. The return falsely claimed business deductions for rental payments for a beachfront condominium and payments to an attorney to represent a family member in connection with a personal matter;

r.  Overt Act # 18: On or about October 13 and 14, 2016, defendant SCOTT H. LAWRENCE falsely told his tax preparer that a $25,000 payment he received for consulting services was a loan;

s.  Overt Act # 19: On or about October 17, 2016, the defendants filed with the IRS a false 2015 Form 1040, U.S. Individual Income Tax Return, which omitted additional tax due and owing based on the $25,000 payment; and

t.  Overt Act #20: On or about October 17, 2016, the defendant SCOTT H. LAWRENCE filed with the IRS a false 2015 Form 1120S, U.S. Income Tax Return for an S Corporation, for Turn Two, which failed to report the $25,000 payment as income.

In violation of Title 18, United States Code, Section 371.

///
///
///

8

## COUNT TWO

### Evasion of Payment
### (Title 26, United States Code, Section 7201)

13. The Grand Jury re-alleges and incorporates here the allegations contained in Paragraphs One through Twelve of this Indictment.

14. From in or about January 2009 through in or about October 2015, in the District of Nevada and elsewhere, the defendants, SCOTT H. LAWRENCE and DEBRA R. LAWRENCE, willfully attempted to evade and defeat the payment of income tax due and owing by the defendants to the United States of America, for the tax years 2005 through 2010, by committing the following affirmative acts, among others:

   a. Cashing substantial portions of deposited paychecks in order to avoid and thwart IRS levies and collection actions;

   b. Depositing defendant DEBRA R. LAWRENCE's pay and commission checks into a Turn Two bank account;

   c. Opening and concealing from IRS collections officials the use of a bank account in the name of DLH; and

   d. Submitting and causing to be submitted to IRS collection officials materially false and misleading forms, letters, and statements.

In violation of Title 26, United States Code, Section 7201.

## COUNT THREE

### Evasion of Assessment
### (Title 26, United States Code, Section 7201)

15. The Grand Jury re-alleges and incorporates here the allegations contained in Paragraphs One through Fourteen of this Indictment.

16. From in or about January 1, 2013 through in or about October 2015, in the District of Nevada and elsewhere, the defendants, SCOTT H. LAWRENCE and DEBRA R. LAWRENCE, willfully attempted to evade and defeat income tax due and owing by them to the United States of America, for the calendar year 2013, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Form 1040, U.S. Individual Income Tax Return, which was submitted to the IRS. On that tax return, the defendants reported and caused to be reported that their taxable income for the calendar year 2013 was $212,330, and that the amount of tax due and owing was $67,712. In fact, as defendants knew, they had taxable income for the calendar year 2013 that was greater than the amount reported on the tax return, and as a result of such additional taxable income, there was additional tax due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

## COUNT FOUR

**Evasion of Assessment**
**(Title 26, United States Code, Section 7201)**

17. The Grand Jury re-alleges and incorporates here the allegations contained in Paragraphs One through Sixteen of this Indictment.

18. From in or about January 1, 2014 through in or about October 2015, in the District of Nevada and elsewhere, the defendants, SCOTT H. LAWRENCE and DEBRA R. LAWRENCE, willfully attempted to evade and defeat income tax due and owing by them to the United States of America, for the calendar year 2014, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Form 1040, U.S. Individual Income Tax Return, which was submitted to the IRS. On that tax return, the defendants reported and caused to be reported that their taxable income for the calendar

year 2014 was $338,735, and that the amount of tax due and owing was $123,753. In fact, as the defendants knew, they had taxable income for the calendar year 2014 that was greater than the amount reported on the tax return, and as a result of such additional taxable income, there was additional tax due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

## COUNT FIVE

**Evasion of Assessment**
**(Title 26, United States Code, Section 7201)**

19.    The Grand Jury re-alleges and incorporates here the allegations contained in Paragraphs One through Eighteen of this Indictment

20.    From in or about January 1, 2015 through in or about October 2016, in the District of Nevada and elsewhere, the defendants, SCOTT H. LAWRENCE and DEBRA R. LAWRENCE, willfully attempted to evade and defeat income tax due and owing by them to the United States of America, for the calendar year 2015, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Form 1040, U.S. Individual Income Tax Return, which was submitted to the IRS. On that tax return, the defendants reported and caused to be reported that their taxable income for the calendar year 2015 was $213,928, and that the amount of tax due and owing was $83,457. In fact, as the defendants knew, they had taxable income for the calendar year 2015 that was greater than the amount reported on the tax return, and as a result of such additional taxable income, there was additional tax due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

///

///

## COUNT SIX

**Making and Subscribing a False Tax Return**
**(Title 26, United States Code, Section 7206(1))**

21. The Grand Jury re-alleges and incorporates here the allegations contained in Paragraphs One through Twenty of this Indictment

22. On or about October 15, 2015, in the District of Nevada, and elsewhere, the defendants, SCOTT H. LAWRENCE and DEBRA R. LAWRENCE, willfully made and subscribed and filed and caused to be filed with the IRS, a false Form 1040, U.S. Individual Income Tax Return, for calendar year 2014, which was verified by a written declaration that it was made under the penalties of perjury and which the defendants did not believe to be true and correct as to every material matter. That tax return reported that defendant DEBRA R. LAWRENCE's business, DLH, had incurred the following deductible business expenses in 2014:

| Schedule | Line | Type of Expense | Amount |
|---|---|---|---|
| Schedule C - DLH | 17 | Legal and professional services | $10,500 |
| Schedule C - DLH | 37 | Cost of labor | $47,371 |

whereas, as the defendants knew, the Line 17 expense consisted of nondeductible payments to a family member's attorney for representation in a personal matter unrelated to DLH's business, and the Line 37 expense was not a payment for labor or a DLH business expense but was instead composed of rental payments for a beachfront condominium residence in Laguna Beach, California.

In violation of Title 26, United States Code, Section 7206(1).

/ / /

/ / /

## COUNTS SEVEN AND EIGHT

**Aiding and Assisting in the Preparation and Presentation of
False and Fraudulent Income Tax Returns
(Title 26, United States Code, Section 7206(2))**

23.     The Grand Jury re-alleges and incorporates here the allegations contained in Paragraphs One through Twenty-Two of this Indictment.

24.     On or about each date listed below, within the State and Federal District of Nevada, and elsewhere, the defendants, SCOTT H. LAWRENCE and DEBRA R. LAWRENCE, willfully aided and assisted in, counseled, and advised the preparation and presentation of individual and corporate income tax returns, Forms 1040 and 1120S, to the IRS, for and on the behalf of the defendants and Turn Two, Inc., on the listed approximate dates, each of which was false and fraudulent as to the material matters set forth:

| Count | Tax Year | Date of Offense | Tax Return | False Line Item |
|---|---|---|---|---|
| 7 | 2013 | 10/11/14 | Defendants' Form 1040 | Line 43 - Taxable Income |
| 8 | 2015 | 10/17/16 | Turn Two's Form 1120S | Line 1a – Gross Receipts |

In violation of Title 26, United States Code, Section 7206(2).

## COUNTS NINE THROUGH THIRTEEN

**Willful Failure to Pay Tax
(Title 26, United States Code, Section 7203)**

25.     The Grand Jury re-alleges and incorporates here the allegations contained in Paragraphs One through Twenty-Four of this Indictment

26.     On or about the payment due dates for each calendar year as listed below, within the State and Federal District of Nevada, and elsewhere, the defendants, SCOTT H. LAWRENCE and DEBRA R. LAWRENCE, received taxable income and owed income tax to the United States of America in at least the amounts listed below, which, on or before

13

the dates listed below, the defendants were required to pay to the IRS at San Francisco, California, to a person assigned to receive returns at the local office of the IRS at Las Vegas, Nevada, or to another IRS office permitted by the Commissioner of Internal Revenue:

| Count | Tax Year | Taxable Income Reported on Return | Tax Due Per Return | Date Payment Due |
|---|---|---|---|---|
| 9 | 2014 | $338,735 | $123,753 | April 15, 2015 |
| 10 | 2015 | $213,928 | $83,457 | April 15, 2016 |
| 11 | 2016 | $333,201 | $123,317 | April 18, 2017 |
| 12 | 2017 | $455,075 | $168,997 | April 17, 2018 |
| 13 | 2018 | $368,505 | $103,073 | April 15, 2019 |

Well knowing all of the foregoing, the defendants did willfully fail to pay the specified taxes when due as described above.

In violation of Title 26, United States Code, Section 7203.

### COUNT FOURTEEN

**Willful Failure to File Tax Return**
**(Title 26, United States Code, Section 7203)**

27.  The Grand Jury re-alleges and incorporates here the allegations contained in Paragraphs One through Twenty-Six of this Indictment.

28.  During the calendar year 2019, the defendants, SCOTT H. LAWRENCE and DEBRA R. LAWRENCE, had and received gross income in excess of $24,400. By reason of such gross income, the defendants were required by law, following the close of the calendar year 2019 and on or before October 15, 2020, to make an income tax return to the IRS, at Cincinnati, Ohio, to a person assigned to receive returns at the local office of the IRS at Las Vegas, Nevada, or to another IRS office permitted by the Commissioner of Internal Revenue, stating specifically the items of their gross income and any deductions and credits

to which they were entitled. Well knowing and believing all of the foregoing, the defendants did willfully fail, on or about October 15, 2020, in the District of Nevada and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

DATED: this the 3rd day of August, 2021.

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

CHRISTOPHER CHIOU
Acting United States Attorney

VALERIE G. PREISS
PATRICK BURNS
Trial Attorneys
Department of Justice, Tax Division

SIMON F. KUNG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA